UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| JAMES OREHOSKY,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>      Plaintiff,<br>v<br><br>SUNRISE CREDIT SERVICES INC.,<br><br>      Defendant. | Civil Action, File No.<br>2:17-cv-7326 |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, James Orehosky [hereinafter "Orehosky"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Sunrise Credit Services Inc. ("Sunrise"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Sunrise's regular transaction of business within this district.  Venue in this district also is proper based on Sunrise possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Sunrise also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Orehosky is a natural person who resides at 55 Huron Street, Port Jefferson Station, NY 11776.

6. Orehosky is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about December 14, 2016, Sunrise sent Orehosky the letter annexed as Exhibit A. Orehosky received and read Exhibit A. For the reasons set forth below, Orehosky's receipt and reading of Exhibit A deprived Orehosky of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Sunrise sent Exhibit A to Orehosky in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued an extension of credit or a loan by Teachers Federal Credit Union for his use for personal, family or household purposes, and then, as an individual, failing to pay for these charges. Sunrise, via Exhibit A, attempted to collect this past due debt from Orehosky in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Sunrise is a New York Domestic Corporation with a principal place of business located in Farmingdale, NY.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Sunrise

possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon Sunrise possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Sunrise is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, Sunrise sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, Sunrise is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Balance Due" of $925.72.

17. Any "Balance Due" resulted from an agreement between Orehosky and Teachers Federal Credit Union; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Teachers Federal Credit Union on any "Balance Due" due but unpaid to Teachers Federal Credit Union.

19. Pursuant to the aforementioned agreement, Teachers Federal Credit Union and any assignee or successor-in-interest had a legal right at any time to collect from Orehosky the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Teachers Federal Credit Union on any "Balance Due" due but unpaid to Teachers Federal Credit Union and any assignee or successor-in-interest.

20. The aforementioned right to collect from Orehosky the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" is not waived by Teachers Federal Credit Union or any assignee or successor-in-interest as a result of a failure by either Teachers Federal Credit Union and any assignee or successor-in-interest at any point in time to attempt to collect from Orehosky the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

21. Neither Teachers Federal Credit Union or any assignee or successor-in-interest ever sent Orehosky a written communication that they waived the aforementioned right to collect from Orehosky the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

22. On and after the date of Exhibit A, Teachers Federal Credit Union or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

23. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

24. On and after the date of Exhibit A, the entity which owned the account/debt on the date

of Exhibit A possessed the legal right to terminate S&S as its debt collector.

25. Upon such termination, Teachers Federal Credit Union, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

26. On and after the date of Exhibit A, Teachers Federal Credit Union had the right to instruct Sunrise to seek from Orehosky the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

27. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from Orehosky and/or the "Balance Due" sought from Orehosky may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

28. Notwithstanding the above, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Orehosky would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Balance Due" of $925.72 to increase.

29. For the above reasons, Exhibit A did not set forth the amount of the "debt". Carlin v. Davidson Fink LLP No. 15-3105-cv (2nd Cir., 2017); and Balke v. Alliance One Receivables Mgmt., Inc. 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

30. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Orehosky.

## SECOND CAUSE OF ACTION-CLASS CLAIM

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

32. Exhibit A set forth a "Balance Due" of $925.72.

33. Any "Balance Due" resulted from an agreement between Orehosky and Teachers Federal Credit Union; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

34. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Teachers Federal Credit Union on any "Balance Due" due but unpaid to Teachers Federal Credit Union.

35. Pursuant to the aforementioned agreement, Teachers Federal Credit Union and any assignee or successor-in-interest had a legal right at any time to collect from Orehosky the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Teachers Federal Credit Union on any "Balance Due" due but unpaid to Teachers Federal Credit Union and any assignee or successor-in-interest.

36. The aforementioned right to collect from Orehosky the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" is not waived by Teachers Federal Credit Union or any assignee or successor-in-interest as a result of a failure by either Teachers Federal Credit Union and any assignee or successor-in-interest at any point in time to attempt to collect from Orehosky the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

37. Neither Teachers Federal Credit Union or any assignee or successor-in-interest ever sent Orehosky a written communication that they waived the aforementioned right to collect from Orehosky the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

38. On and after the date of Exhibit A, Teachers Federal Credit Union or any assignee or

successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

39. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

40. On and after the date of Exhibit A, Teachers Federal Credit Union possessed the legal right to terminate Sunrise as its debt collector.

41. Upon such termination, Teachers Federal Credit Union, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

42. On and after the date of Exhibit A, Teachers Federal Credit Union had the right to instruct Sunrise to seek from Orehosky the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

43. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from Orehosky and/or the "Balance Due" sought from Orehosky may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

44. Notwithstanding the above, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Orehosky would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Balance Due" of $925.72 to increase.

45. However, Exhibit A failed to notify Orehosky that her "Balance Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

46. For the above reasons, as a result of the aforementioned omission from Exhibit A,

Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Orehosky.

### THIRD CAUSE OF ACTION-CLASS CLAIM

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

48. Exhibit A sets forth a "Balance Due" of $925.72.

49. Exhibit A does not set forth that the "Balance Due" of $925.72 may increase due to interest, late charges, and/or other charges.

50. Since Exhibit A does not set forth that the "Balance Due" of $925.72 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Balance Due" of $925.72 was static and that their payment of $$925.72 would satisfy the debt irrespective of when the payment was remitted.

51. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

52. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

53. Orehosky owed this past due debt under a theory of contract or quantum meruit and

therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

54. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

55. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, Teachers Federal Credit Union had a guaranteed right to interest on the "Balance Due" of $925.72 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) Leroy Callender, P.C. v. Fieldman, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

56. Based on the above, the "Balance Due" of $925.72 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Balance Due" of $925.72 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

57. On and after the date of Exhibit A, Teachers Federal Credit Union or any assignee or successor-in-interest possessed the legal right to sell, transfer or assign the account/debt identified in Exhibit A.

58. On and after the date of Exhibit A, any assignee or successor-in-interest could take the steps required to seek the interest that accumulated after Exhibit A was sent but before the "Balance Due" of $925.72 set forth in Exhibit A was paid.

59. On and after the date of Exhibit A, Teachers Federal Credit Union possessed the legal right to terminate Sunrise as its debt collector

60. Subsequent to any such aforementioned termination, Teachers Federal Credit Union could take the steps required to seek the interest that accumulated after Exhibit A was

sent but before the "Balance Due" of $925.72 set forth in Exhibit A was paid.

61. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from Orehosky and/or the "Balance Due" sought from Orehosky may have increased due to the aforementioned accrued interest.

62. Based on the above, since Exhibit A does not set forth that the "Balance Due" of $925.72 may increase due to interest, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Orehosky.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

63. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

64. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

65. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

66. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

67. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

68. By sending Exhibit A to Davis, Sunrise violated 15 USC 1692g.

## CLASS ALLEGATIONS

69. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

70. The class consist of (a) all natural persons (b) who received a letter from Sunrise dated between December 14, 2016 and the present to collect a past due debt regarding a credit card account, (c) in a form materially identical or substantially similar to Exhibit A.

71. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

72. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

73. The predominant common question is whether Defendant's letters violate the FDCPA.

74. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

75. A class action is the superior means of adjudicating this dispute.

76. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Sunrise in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          December 15, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709